UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SERGIO ZAVALA-CERVANTEZ,

    Defendant.

NO.  CR-06-0016-RHW

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

    Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec.  86). Defendant is proceeding *pro se*.

    On September 24, 2007, Defendant entered into a plea agreement in which he plead guilty to Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).  The Government dismissed Counts 2 and 3, which also charged Defendant with Distribution of a Controlled Substance pursuant to the plea agreement.  The parties stipulated to a base offense level of 34, and stipulated that Defendant would be accountable for 216.3 grams of actual methamphetamine.  The plea agreement anticipated that Defendant's criminal history category was III, but indicated that the final criminal history score would be determined after the Presentence Investigative Report was complete.  The parties believed the Guideline range would be 135-168 months, and Defendant reserved the right to seek a non-Guideline sentence of 90 months.  Defendant expressly waived his right to appeal

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 1**

his conviction and the sentence imposed by the court, provided the sentence was within or below the applicable sentencing Guidelines range as determined by the Court. Defendant waived his right to file any post-conviction motions under 28 U.S.C. § 2255, attacking his conviction or sentence, except an appeal based on ineffective assistance of counsel.

On January 22, 2008, Defendant was sentenced to 143 months, 4 years supervised release; and $100 special assessment. Defendant appealed his sentence, based on ineffective assistance of counsel. On January 11, 2010, the Ninth Circuit, in a memorandum decision, affirmed the sentence. The Ninth Circuit declined to address Defendant's claim that he received ineffective assistance of counsel at sentencing because his trial counsel failed to advocate for a 90-month sentence, despite having negotiated the right to argue for such a sentence in his plea agreement.

On May 12, 2010, Defendant filed his Motion to Vacate, asserting three grounds for relief: (1) Defendant received two criminal history points for driving on suspended license; (2) at the time of the plea agreement, the Government did not count misdemeanors as criminal history points, but these were counted at sentencing; and (3) ineffective assistance of counsel because his attorney did not advise him of a potential 90-month plea agreement; rather he was induced to sign for the 151-188 month sentence.

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration on any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner must allege specific facts that, if true, would

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 2**

1    entitle the petitioner to relief.  *See United States v. Rodrigues*, 347 F.3d 818, 824

2    (9th Cir.2003) (*citing United States v. McMullen*, 98 F.3d 1155, 1159 (9th

3    Cir.1996)).

4           Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the

5    United States District Courts ("Rule 4") the Court must independently examine a

6    Section 2255 motion to determine whether summary dismissal is warranted.

7    Dismissal is appropriate if the movant's "allegations, viewed against the record,

8    either fail to state a claim for relief or are so palpably incredible or patently

9    frivolous as to warrant summary dismissal."  *Marrow v. United States*, 772 F.2d

10   525, 526 (9th Cir. 1985); *see also United States v. Leonti*, 326 F.3d 1111, 1116

11   (9th Cir. 2003).

12          Viewing the record under this standard, the Court finds that Defendant has

13   failed to state a claim for relief.  Notwithstanding that Defendant waived his right

14   to attack his sentence, Defendant did not receive two criminal history points for

15   Driving with License Suspended–rather he received 1 point for a third degree

16   driving with license suspended.  In addition to that 1 point, Defendant received

17   criminal history points for Obstructing a Public Officer; Assault - Domestic

18   Violence; Driving Under the Influence; and Possession and Delivery of

19   Methamphetamine.  Defendant also received two points because he was under a

20   term of probation when he committed the instant offense.  Even if Defendant was

21   successful in arguing that he should not have received his criminal history point for

22   third degree driving with license suspended,[1] it would not have changed his

23   criminal history score.

24          Likewise, Defendant has not stated a claim for ineffective assistance of

25   ────────────────────

26          [1]Defendant does not provide any legal authority in support of his argument

27   that these convictions should not have been counted, and did not make this

28   argument before the Ninth Circuit Court of Appeals.

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY ~ 3**

counsel.  In order to state a claim for ineffective assistance of counsel, Defendant must show that 1) his counsel's performance fell below an objective standard of reasonableness and 2) he was prejudiced by such deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Here, Defendant has failed to allege that he was prejudiced by the alleged deficient performance of his counsel, because he has not established any basis for his counsel to argue that a below-Guideline sentence would have been appropriate in this case.  Moreover, there is no evidence in the record that Defendant should have received a below-Guideline sentence.  At the sentencing hearing, the Court carefully considered the factors set forth in 18 U.S.C. § 3553.  The Court considered Defendant's criminal history, including assaults, a number of failures to appear, and bench warrants issued for failure to appear, the fact that he was involved in the sale of drugs over a period of time, the fact that in some of the circumstances the amount of drugs were in large quantities, the fact that there were reoccurring drug sales, and that if the Government pursued a conviction under the other counts, Defendant would have been facing a mandatory minimum 10-year sentence, as opposed to a 5-year mandatory minimum sentence.  Additionally, the Court noted that Defendant was in the country unlawfully.  The Court ultimately concluded that a low-end Guideline sentence was reasonable, and credited Defendant with 8 months for the time he was incarcerated by the state of Washington.  Defendant has not plead facts that would indicate that this sentence was unreasonable, or that his counsel was deficient for not arguing that he was entitled to a 90-month sentence.

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).  A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a §

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 4**

2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000).

Recently amended Rule 11 of the Rules Governing § 2255 Proceedings provides that the district court must issue or deny a certificate of appealability at the time it enters a final order adverse to the movant. Rule 11(a), 28 U.S.C. foll. § 2255. After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that Defendant has not adequately stated a claim for relief to be debatable or wrong. Accordingly, a certificate of appealability will not be issued.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 86) is **dismissed**.

2.    The Court declines to issue a certificate of appealability. Defendant is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Defendant.

**DATED** this 28th day of May, 2010.


*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court


Q:\CRIMINAL\2006\Zavala-Cervantez\habeas.wpd

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 5**